Dear Senator Hines:
This office is in receipt of your recent correspondence requesting an Attorney General's Opinion regarding funding for renovations of a building owned by the City of Bunkie and formerly used as a community center. It is our understanding that the Office of Alcohol and Drug Abuse of the Department of Health and Hospitals would like to provide $150,000 for renovation of the building so that it can be used as an alcohol/drug abuse clinic and meeting place for programs designed to overcome substance abuse, such as Alcoholics Anonymous.
Specifically, you are interested in determining whether the expenditure of these funds by the Office of Alcohol and Drug Abuse, on a building that is not owned by the state, would be in violation of La. Const. Art. VII, Sec. 14.
As you know, Art. VII, Sec. 14(A) of the constitution prohibits the loan, pledge or donation of funds by the state or any political subdivision to any person, association or corporation, public or private. Additionally, Art. VII, Sec. 14(C) provides that the state and its political subdivisions may, for a public purpose, engage in cooperative endeavors.
The Supreme Court has interpreted Art. VII, Sec. 14 to be violated whenever the state or a political subdivision seeks to give up something of value when it is under no obligation to do so. City of Port Allen v. Louisiana Municipal Risk Agency,439 So.2d 399 (La. 1983). However, in Guste v. Nicholls CollegeFoundation, 564 So.2d 682 (La. 1990), a transfer of public funds by the Nicholls State University Alumni Federation to the Nicholls College Foundation was held to be given and accepted "under the authority of the constitution and laws of this state" as the funds were "transferred in the discharge of the Federation's constitutional or statutory duties" and were accepted by the Foundation, "assumedly a non-public body (a nonprofit corporation) with a commitment to assist the Federation in carrying out its constitutional and legal duties in public education".
La. R.S. 28:771, et seq. pertains to the Office of Alcohol and Drug Abuse and provides that the Office of Alcohol and Drug Abuse:
 ". . . shall perform the functions of the state relating to the care, training, treatment, and education of alcohol and drug abusers and the prevention of alcohol and drug abuse. It shall administer residential and outpatient care facilities of the state for alcohol and drug abuse patients and administer the alcohol and drug abuse programs in the state." LA. R.S. 28:771A.
In addition to a number of other duties and responsibilities pertaining to treating and prevention substance abuse, the Office of Alcohol and Drug Abuse is responsible for the "formulation and implementation of policies relating to the treatment and prevention of alcohol and drug abuse in accordance with applicable law. . .". La. R.S. 28:771B.
It is the opinion of this office that the Office of Alcohol and Drug Abuse can provide funding to the City of Bunkie for renovation of a city owned building in order that the building can be utilized as an alcohol/drug abuse treatment facility and meeting room. In accordance with R.S. 28:771, the Office of Alcohol and Drug Abuse has the statutory responsibility of providing for alcohol and drug abuse treatment and prevention services and programs throughout the state.
In our opinion, the transfer of the funds by the Office of Alcohol and Drug Abuse to the City of Bunkie for the purposes described is not a constitutionally prohibited donation. Rather, the transfer of the funds to Bunkie for the purposes described appears to be in the nature of a constitutionally sanctioned cooperative endeavor. We strongly suggest that the Office of Alcohol and Drug Abuse and the City of Bunkie commit their agreement to writing, in order that there will be no misunderstanding on the part of either party as to the use of the funds and the use(s) of the building after the renovations are complete.
We note that R.S. 28:772 provides that funding for regional alcohol and drug abuse services shall be allocated to each region on a per capita basis in accordance with population figures from the U.S. Department of Commerce, Bureau of the Census. We assume that prior to providing funds to the City of Bunkie, the Office of Alcohol and Drug Abuse will assure itself of compliance with this provision of law.
We hope the foregoing adequately addresses your inquiry. Please do not hesitate to contact us if we can be of further assistance in the future.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General
RPI:JMZB:jv
DATE RECEIVED: December 3, 1997
DATE RELEASED: